IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

JUN 14 2018

Clerk, U.S. District Court
District Of Montana
Missoula

| UNITED STATES OF AMERICA, | Cause No. CR 14-33-M-DWM |
| --- | --- |
| Plaintiff/Respondent, | CV 17-48-M-DWM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| ALLEN J. RANKIN, | |
| Defendant/Movant. | |

On April 14, 2017, Defendant Rankin moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After Rankin filed a supplement and trial counsel filed portions of his file, most of Rankin's claims were denied. New counsel was appointed to consult with Rankin concerning his remaining claim. On May 25, 2018, counsel filed a notice of dismissal of the remaining claim. *See* Notice (Doc. 57) at 1.

All claims having been denied or dismissed, the § 2255 motion will be denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate should issue when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

1

standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rankin claimed he did not enter a valid guilty plea because Judge Christensen did not decide whether to accept the plea agreement before he accepted Rankin's guilty plea and because, at the time of sentencing, the plea agreement was rejected. As both the deferral and the rejection complied with the Federal Rules of Criminal Procedure, and as Rankin was not prejudiced by any of it, his claim was denied. *See* Order (Doc. 50) at 5-10. Reasonable jurists would not debate these issues.

Rankin claimed counsel should have sought to suppress some of the evidence used at sentencing, but the exclusionary rule does not apply at sentencing. Rankin's objections to calculation of the amount of the loss and restitution were litigated in this Court and on direct appeal and found meritless. The victims were not required to submit affidavits, and there is no reason to suppose the information underlying the sentence was inadequate. Rankin's claim that evidence allegedly obtained in violation of state law could not be used against him in federal court was meritless, as there was no reason to believe the evidence was obtained in violation of federal law. Rankin identified no impermissible basis for the United

States' decision to prosecute him and not others. This Court plainly had jurisdiction under 18 U.S.C. § 3231. None of these claims made a showing of any substance that Rankin was deprived of a constitutional right. *See* Order (Doc. 50) at 10-14.

With new counsel, Rankin had an opportunity to make a substantial showing that he was denied effective assistance of counsel in connection with his decision to plead guilty, *see* Order (Doc. 50) at 14-16, but Rankin has now dismissed that claim, *see* Notice (Doc. 57) at 1. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Rankin's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 40, 45) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Rankin files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 17-48-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Rankin.

DATED this 14th day of June, 2018.

Donald W. Molloy
United States District Court