**FILED**

OCT 2 3 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-33-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ALLEN J. RANKIN, | |
| Defendant. | |

On October 22, 2018, the government filed a motion to return $800.00 to the defendant on the grounds that the restitution payee, Karen Fisher, had received the rent check she thought was taken from her mailbox and was not owed the $800.00 as previously ordered by the Court. (Doc. 66.) While the government's motion is granted, this matter is more complicated than it seems.

On April 10, 2015, the defendant was sentenced on charges related to wire fraud and aggravated identity theft. His judgment ordered restitution in the amount of $7,174.40, including $800.00 to Ms. Fisher. (Doc. 31.) In June 2018, the government discovered that the defendant inherited some money and was given authorization to remove the full amount of his restitution from his inmate trust

1

account. (Docs. 59, 63.) Thus, the defendant satisfied his restitution judgment on August 1, 2018. (Doc. 65.)

Upon receipt of her restitution check, Ms. Fisher sent the following letter to the Court:

> I am enclosing a check in payment for restitution that was sent to me. Several years ago, I was notified that there had been mail theft in my area and inquiring as to whether I was missing any mail. At that time, I had not received a rental payment from a tenant, so I replied that, yes, I was missing a piece of mail with a check enclosed. However, I did eventually receive the rent check from my tenant; it was late and lost for a couple of weeks, but it was not stolen from my mailbox.
>
> Therefore, since I did not have any mail stolen from me, I am returning the restitution check to you.

(Doc. 66-1.)

The return of this check—and the fact that Ms. Fisher was not a victim of the defendant's offense—presents a unique problem because "[a] sentence that imposes an order of restitution is a final judgment" and can be modified only in limited circumstances. *See* 18 U.S.C. § 3664(o); *see United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017) ("Once a restitution order is imposed, the [Mandatory Victims Restitution Act ("MVRA")] leaves the district court with limited options to modify restitution."); *see also United States v. Wyss*, 744 F.3d 1214 (10th Cir. 2014) (holding that the statutory provision that generally

authorizes a district court to modify a defendant's conditions of probation, 18 U.S.C. § 3563(c), does not authorize modification of a restitution order imposed pursuant to the MVRA). Under the MVRA:

> (1) such a sentence can subsequently be--
>
> > (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> >
> > (B) appealed and modified under section 3742;
> >
> > (C) amended under subsection (d)(5); or
> >
> > (D) adjusted under section 3664(k); 3572, or 3613A; or
>
> (2) the defendant may be resentenced under sections 3565 or 3614.

18 U.S.C. § 3664(o). Complicating matters further, victims themselves have "limited rights and may not dictate whether restitution is appropriate or the amount." *Hankins*, 858 F.3d at 1278 ("The restitution obligation is a continuous one that does not ebb and flow with the victim's circumstances . . . [and is not terminated] by any action on the part of the victim.").

It does not appear, nor does the government argue, that any of § 3664(o)'s enumerated exceptions apply here, placing the Court in the difficult position of trying to bypass a statutory regime in an effort to return funds to the defendant that he did not take in the first place. *See United States v. Grant*, 715 F.3d 552, 558 (4th

3

Cir. 2013) (stating that the court was "extremely skeptical" that Congress intended to allow district courts to bypass § 3664(o)).

But in this case, based on the contents of Ms. Fisher's letter, she is not now and never was a "victim" under the MVRA.[1] *See* 18 U.S.C. § 3663A(a)(2). It would therefore be inappropriate to allow her to keep the funds or assign her returned funds to the Crime Victims Fund in the Treasury. *See* 18 U.S.C. § 3664(g)(2). The $800 will be returned to the defendant. Given the limitations of 18 U.S.C. § 3664(o), no Amended Judgment form will be entered and the defendant's actual restitution order is not modified. Because the defendant has paid his other restitution obligations, (*see* Satisfaction of Judgment, Doc. 65), the status of his restitution shall also remain the same: paid in full.

Notably, removing Ms. Fisher as a victim, *see* USSG § 2B1.1(b)(2)(B) (providing for a four level increase for 50 or more victims; here there were 59), and deducting $800 from the total loss amount, *see* USSG § 2B1.1(b)(1)(D) (providing for a six-level increase if total loss is between $30,000 and $70,000;

---

[1] It is unclear from the record when the government initially contacted Ms. Fisher regarding her potential claim and whether the government ever followed up with her. Ms. Fisher's letter indicates that she was aware within weeks of making the claim that the defendant had not taken the check at issue.

total loss here was $35,415), would have had no effect on the defendant's guideline range.

Accordingly, IT IS ORDERED that the government's motion (Doc. 66) is GRANTED. The Clerk of Court is directed to return the $800.00 dollars currently held to the Defendant Allen J. Rankin at the following address:

>Allen J. Rankin – 13488-046
>FCI Sheridan
>P.O. Box 5000
>Sheridan, OR 97378

DATED this 23rd day of October, 2018.

Donald W. Molloy, District Judge
United States District Court